*NOT FOR PUBLICATION*

**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
**APPELLATE DIVISION**

| | |
|---|---|
| PETER BELLOT | ) |
| | ) D.C. Crim. App. No.2003-130 |
| Appellant, | ) |
| | ) T.C. Crim. No. F288/02 |
| v. | ) |
| | ) |
| PEOPLE OF THE VIRGIN ISLANDS | ) |
| | ) |
| Appellee. | ) |

On Appeal from the Superior Court of the Virgin Islands,
The Honorable Brenda J. Hollar, presiding

Considered: June 4, 2004
Filed: July 30, 2010

**BEFORE: RAYMOND FINCH**, Judge of the District Court of the Virgin Islands; **THOMAS K. MOORE**, Judge of the District Court of the Virgin Islands;[1] and **EDGAR D. ROSS**, Judge of the Superior Court, sitting by designation.

**ATTORNEYS:**

**Debra S. Watlington, ATPD**
St. Thomas, U.S.V.I.
    *For the Appellant.*

**Maureen Phelan, AAG**
St. Thomas, U.S.V.I.
    *For the Appellee.*

---

[1] Prior to the issuance of this judgment, Judge Moore retired from the District Court.

# MEMORANDUM OPINION

**PER CURIAM,**

Peter Bellot ("Bellot") appeals his convictions in the Superior Court[2] of the Virgin Islands for aggravated rape in the first degree and unlawful sexual contact in the first degree. For the reasons stated below, the Court will affirm the convictions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Bellot is a mechanic. Starting around 1994, he lived and worked at the auto body and general mechanical garage of Alester Canonier ("Mr. Canonier"). In 2002, Mr. Canonier had three children, one of whom was his nine year old daughter, A.C. Mr. Canonier's children went to their father's shop every afternoon after school. Because she spent so much time at her father's shop, A.C. had known Bellot for most of her life. Bellot gave the children gifts, including giving A.C. lipstick and nail polish.

---

[2] Prior to 2005, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. See Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, this Court employs the terms Superior Court and Superior Court Judge.

On two occassions, Bellot touched A.C. on her thigh, making her feel uncomfortable. In May 2002, Bellot pulled A.C.'s panties to the side, and put his fingers in her vagina. This hurt A.C. and made her bleed.

On July 27, 2002, A.C. was asleep in the back of her mother's ("Mrs. Canonier") car. Mrs. Canonier heard her daughter cry out in her sleep. When she asked A.C. what was wrong, A.C. told her mother what Bellot had done. Mrs. Canonier took A.C. to the police station and then to the hospital. A medical examination revealed that A.C. had no hymen.

The Government of the Virgin Islands (the "Government") charged Bellot in a third amended information with two counts. Count I charged Bellot with aggravated rape in the first degree, in violation of V.I. CODE ANN. tit 14, § 1700(a)(1). Count II charged unlawful sexual contact in the first degree, in violation of V.I. CODE ANN. tit. 14, § 1708(2).

Bellot's jury trial commenced on May 20, 2003. A.C. testified that Bellot had touched her clothed thigh on two occasions, and that on a third occasion he had pulled her panties to the side and inserted his fingers into her vagina. After the parties had rested, but before closing arguments, the Government and the defense stipulated to reopening the case for the purpose of taking further testimony from A.C. However, A.C. refused to

return and testify the following day. The Court did not order A.C. to return and testify.

Bellot was found guilty of both counts. Bellot filed a motion for a judgment of acquittal, which the court denied. He was sentenced to 15 years imprisonment on each count, to run concurrently.

Bellot makes two main arguments for review by this Court.[3] He argues that: (1) there was not sufficient evidence to prove the charges, and (2) the trial court erred in denying his motion for a judgment of acquittal because (a) jury pool members were removed from the jury on the basis of their place of birth, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), (b) Bellot was denied his Sixth Amendment right to confront the witness against him when the Court refused to recall A.C. to testify, and (c) the Superior Court erred in instructing the jury on how it could use a prior statement of Mr. Canonier.

## II. **DISCUSSION**

### A. Jurisdiction

At the time this appeal was filed this Court has jurisdiction to review all final judgments and orders arising out of the Superior Court in criminal cases. *See* Revised Organic Act § 23A, 48 U.S.C. § 1613a; Act No. 6687 § 4 (2004).

---

[3] Bellot's brief fails to cite to the joint appendix.

**B. Standards of Review**

**1. Sufficiency of the Evidence**

An appellate court exercises plenary review over sufficiency of the evidence claims. *United States v. Miller*, 527 F.3d 54, 60 (3d Cir. 2008). "'In exercising that review, we must interpret the evidence in the light most favorable to the government as the verdict winner,' [citation] and 'do not weigh evidence or determine the credibility of witnesses in making [our] determination.'" *Id.* (second alteration in original) (quoting *United States v. Taftsiou*, 144 F.3d 287, 290 (3d Cir. 1998); *United States v. Gambone*, 314 F.3d 163, 170 (3d Cir. 2003)).

The verdict must stand if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[.]" *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996)(emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Overall, "a claim of insufficiency of the evidence places a very heavy burden on an appellant." *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990) (internal quotation marks and citation omitted).

**2. Denial of Judgment of Acquittal**

A "motion for judgment of acquittal obliges a [trial] court to review the record in the light more favorable to the prosecution to determine whether any rational trier of fact could

have found proof of guilt beyond a reasonable doubt based on the available evidence. This Court reviews grants or denials of [acquittal motions] *de novo* and independently applies the same standard as the [trial] Court." *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006) (internal citations and quotation marks omitted). "The standard of review is 'particularly deferential' when deciding whether a jury verdict is based on legally sufficient evidence[,]" and the "appellant carries a very heavy burden on appeal." *United States v. Cothran*, 286 F.3d 173, 175 (3d Cir. 2002) (internal citation omitted).

### a. Batson Challenge

"A Batson claim presents mixed questions of law and fact. . . . We exercise plenary review over questions of law . . . ." *Riley v. Taylor*, 277 F.3d 261, 277-278 (3d Cir. 2001) (citing *Jones v. Ryan*, 987 F.2d 960, 965 (3d Cir. 1993)). On direct review, the factual questions underlying a *Batson* challenge regarding intent to discriminate are subject to clear error review. *See United States v. Campbell*, 317 F.3d 597, 605 (6th Cir. 2003); *Caldwell v. Maloney*, 159 F.3d 639, 649 (1st Cir. 1998); *Wallace v. Morrison*, 87 F.3d 1271, 1274 (11th Cir. 1996). This is true because a finding of intentional discrimination, or a lack of discrimination, is a finding of fact that should be given great deference. *See Batson v. Kentucky*, 476 U.S. 79, 98 n.

21 (1986).

### b. Sixth Amendment Confrontation Right

A trial court's decision that implicates the Sixth Amendment right of a criminal defendant to confront the witnesses against him is reviewed *de novo*. *United States v. Hendricks*, 395 F.3d 173, 176 (3d Cir. 2005) ("The District Court's decision to exclude the evidence at issue turned on its application of the Sixth Amendment and its interpretation of the Supreme Court's decision in *Crawford*. This interlocutory appeal, thus, presents a question of law which we review *de novo*."). A trial court's decisions limiting cross examination are reviewed for abuse of discretion. *See United States v. Mussare*, 405 F.3d 161, 169 (3d Cir. 2005) (reviewing limitations placed on cross-examination for abuse of discretion).

### c. Limiting Instruction

Where an appellant challenges a trial court's instructions to the jury as legally incorrect, we exercise plenary review. *United States v. Zehrbach*, 47 F.3d 1252, 1260 (3d Cir. 1995) (citing *United States v. McGill*, 964 F.2d 222, 235 (3d Cir. 1992); *Savarese v. Agriss*, 883 F.2d 1194, 1202 (3d Cir. 1989)).

## III. ANALYSIS

### A. Sufficiency of the Evidence

Bellot argues that the government presented insufficient

evidence to convict him because it failed to prove that he committed the assault between April 27, 2002, and July 15, 2002, as charged in the information.

In order to gain a conviction for aggravated rape under V.I. CODE ANN. tit. 14, § 1700(a)(1), the government had to prove the following elements: (1) that Bellot perpetrated an act of sexual intercourse, (2) with a person not his spouse, (3) who is under the age of thirteen. *See Gov't of the V.I. v. Vicars*, 340 Fed. Appx. 807, 812 n. 6 (3d Cir. 2009) (unpublished); V.I. CODE ANN. tit. 14, § 1700(a)(1). "Sexual intercourse" is defined as "vaginal intercourse or any insertion, however slight, of a hand, finger or object into the vagina, vulva, or labia, excluding such insertion for medical treatment or examination." V.I. CODE ANN. tit. 14, § 1699(d).

"It is a general rule of law that where time is not an element of an offense, a variance between the date alleged and the date proved is not material and that proof of the commission of the crime on any day from the finding [sic] of the indictment, and within the statute of limitations, is sufficient." *United States v. Krepper*, 159 F.2d 958, 964 (3d Cir. 1946) (citations omitted). Time is not an element of the offense of aggravated rape under Virgin Islands law. *See Vicars*, 340 Fed. Appx. at 812 n. 6; V.I. CODE ANN. tit. 14, § 1700(a)(1).

Further, the government did offer proof of the general period of time during which the rape took place. The government introduced medical reports taken by the triage nurse and the doctor, in which A.C. stated that the incident occurred a "few months" or a "couple months" before the July 27, 2002 exam. The victim's statements to the triage nurse and doctor are consistent with her statement to the police and to her mother.

Viewing the evidence in the light most favorable to the Government, the Court finds that a rational juror could have found the Government proved elements of aggravated rape beyond a reasonable doubt.

## B. Judgment of Acquittal

Bellot argues that the Superior Court erred in denying his motion for a judgment of acquittal. He raised three arguments in that motion that he maintains entitle him to an acquittal.

### 1. *Batson*

Bellot alleges that the Government used peremptory challenges to strike two potential jurors born in Dominica, which is also his place of birth. He argues that the trial court did not inquire into these actions as required by *Batson v. Kentucky*, 476 U.S. 79 (1986).

However, Bellot has failed to supply the record of the jury *voir dire*. Without the record of the *vior dire*, this Court is

unable to even determine if Bellot raised a *Batson* objection, which would affect our standard of review.

Federal Rule of Appellate Procedure 10(b)(1) directs parties seeking judicial review to obtain and file with the reviewing court "a transcript of such parts of the proceedings not already on file as the appellant considers necessary. . . ." The Virgin Islands Supreme Court Rules contain a substantially similar requirement. *See* V.I.S.CT.R. 10(b)(1) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.").

An appellant's failure to provide the transcript of the portion of a trial he argues contained error prevents meaningful review of his claim. *See United States v. Miller*, No. 09-40392, 2010 U.S. App. LEXIS 13670, at *4 (5th Cir. July 2, 2010) ("Miller also argues that the district court erred by denying his motion to suppress a photographic lineup and in-court identification. . . . As Miller failed to provide either a transcript of that hearing or the photographic exhibits for the appellate record, we are precluded from review of this issue.").

Accordingly, we reject Bellot's argument that the trial court erroneously denied his motion for judgment of acquittal

based on a *Batson* violation.

### 2. Sixth Amendment

Bellot also argues that because the trial court did not allow him to reopen his case after he had rested in order to recall A.C., he was denied his right to confrontation guaranteed by the Sixth Amendment. The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." U.S. Const. amend. VI.

> It does not follow, of course, that the Confrontation Clause of the Sixth Amendment prevents a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness. On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. And as we observed earlier this Term, "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam) (emphasis in original).

*Del. v. Van Arsdall*, 475 U.S. 673, 679 (1986).

A review of the record establishes that Bellot had fully examined the child before he closed his case. Specifically, Bellot was able to question A.C. regarding cosmetics she claimed he had given her. Bellot's right to cross-examination was not violated by the Superior Court's refusal to allow him to recall

A.C. to rehash this marginally relevant evidence concerning the cosmetics gifts. *See Blaikie v. Callahan,* 691 F.2d 64, 68 (1st Cir. 1982) ("a trial judge must be allowed a fair degree of discretion in ruling upon motions to reopen the defense, and for his adverse ruling to violate the sixth amendment, it must be shown that the proffered evidence was of such importance to the achievement of a just result that the need for admitting it overrides the presumption favoring enforcement of the state's usual trial procedures.").

As such, the Superior Court did not abuse its discretion in refusing to reopen the case. The Superior Court therefore did not err in denying Bellot's motion for acquittal based on his Confrontation Clause argument.

### 3. Instructions on Prior Statements

Finally, Bellot argues that the trial court improperly instructed the jury on the evidentiary value of a statement of A.C.'s father, Mr. Canonier, to the police.

In the police statement, taken on August 11, 2002, Mr. Canonier indicated that Bellot had been in the shop only once in 2002. At trial, Mr. Canonier contradicted his statement, testifying that Bellot had been around the shop almost every day.

The trial judge admitted the statement into evidence, with a limiting instruction that the statement should be used not for

its substance, but only to impeach the witness. Bellot's attorney argued the statement should be admitted as substantive evidence. Bellot now argues that this limiting instruction was reversible error.

The limiting instruction was in accordance with the Federal Rules of Evidence.[4] However, the trial judge committed error in not applying a pertinent provision of Virgin Islands law. Section 21(c) of the Revised Organic Act of 1954 provides that practice and procedure in Superior Court "shall be governed by local law or the rules promulgated by those courts."[5] Rule 7 of the Superior Court provides that the practice and procedure in that Court "shall be governed by the Rules of the Territorial

---

[4] Rule 613(b) of the Federal Rules of evidence governs the admissibility of extrinsic evidence of a witness's prior inconsistent statement. "Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require." Fed. R. Evid. 613(b). Both of the rule's requirements were met in this case, so the evidence would be properly admitted under Rule 613(b).
Unless it comes with an exception to the hearsay rule, a witness's prior inconsistent statement is not admissible as substantive evidence, only for impeachment purposes. See *Lippay v. Christos*, 996 F.2d 1490, 1500 (3d Cir. 1993) (finding reversible error where prior inconsistent statement was admitted as substantive evidence, even though it fell under no hearsay exception); see also Fed. R. Evid. 801, 802.
Mr. Canonier's statement falls under no exception to the hearsay rule. Furthermore, it was not non-hearsay as defined in Rule 801(d)(1), because it was not made under oath subject to the penalty of perjury. Under the Federal Rules of evidence, therefore, the Superior Court was correct in its instruction to the jury concerning the limited use they could make of his police statement.

[5] See Revised Organic Act of 1954 § 21(c), 48 U.S.C. § 1611. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2001), reprinted in V.I. Code Ann. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2001) (preceding V.I. CODE ANN. tit. 1).

Court and, to the extent not inconsistent therewith, by the . . . Federal Rules of Evidence." Super. Ct. R. 7.

There is a Virgin Islands statute which is inconsistent with the Federal Rules of Evidence. Section 19 of title 14 of the Virgin Islands code, entitled "Prior inconsistent statements," provides:

> Evidence of a prior statement, oral or written, made by a witness is not made inadmissible by the hearsay rule if the prior statement is inconsistent with his testimony at a hearing or trial. After the witness has been given an opportunity at such hearing or trial to explain or deny the prior statement, the court shall allow either party to prove that the witness has made a prior statement, oral or written, inconsistent with his sworn testimony. Such prior statement shall be admissible for the purpose of affecting the credibility of the witness *or for proving the truth of the matter asserted therein* if it would have been admissible if made by the witness at the hearing or trial. Each party shall be allowed to cross-examine the witness on the subject matter of his current testimony and the prior statement.

V.I. CODE ANN. tit. 14, § 19 (emphasis added).

In this case, Mr. Canonier did give an arguably inconsistent prior statement, and was given an opportunity at trial to explain it. Pursuant to the statute, then, it was error to limit the jury's use of the statement.

Bellot's counsel objected to the Superior Court Judge's decision to give a limiting instruction. As such, this Court reviews the instruction for harmless error. Fed. R. Crim. P. 52(a).

"An error is harmless when it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *United States v. Saybolt*, 577 F.3d 195, 206 (3d Cir. 2009) (internal quotation marks and citation omitted).

In this case, the trial court allowed defense counsel to refer to Mr. Canonier's statement as if it were substantive evidence in his closing argument. In addition, Mr. Canonier clarified his police statement to the jury, explaining that he had said Bellot was at his garage only once on a particular day. In addition, Mr. Canonier testified that Bellot was around all the time. Further, A.C.'s testimony implicating Bellot was quite damaging, and was corroborated by Mrs. Canonier's testimony, and the medical report. It appears beyond reasonable doubt that even if the Superior Court had not given the limiting instruction and the jurors had considered Mr. Canonier's prior inconsistent statement as substantive evidence, Bellot would have been convicted nonetheless.

As such, the trial court did not err in denying the motion for judgment of acquittal based on the erroneous limiting instruction.

## IV. CONCLUSION

For the reasons stated above, the Court will affirm Bellot's convictions. An appropriate judgment accompanies this opinion.